IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON W. WEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-3015 |
| | ) | |
| ILLINOIS STATE BAR | ) | |
| ASSOCIATION MEMBERS, and | ) | |
| KNOWING ACCOMPLICES, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

RICHARD MILLS, U.S. District Judge:

Before the Court is the Complaint [d/e 1] of pro se Plaintiff Aaron W. Wemple.

I.

The Clerk's Office received the Complaint in an envelope with the return address listed as the Montgomery County Jail, Hillsboro, Illinois. On page three of the Complaint, below his name and signature, Wemple writes that he is being "held hostage by other people's pride."

1

The filing was not accompanied by a petition to proceed in forma pauperis or the civil filing fee.

In the Complaint, Wemple alleges six counts of treason against the Defendants:

- Count 1—Treason by Dictatorship;
- Count 2—Treason by Deceptive Practice over the People's Judicial Government;
- Count 3—Treason by Inhumane Authority over Government;
- Count 4—Treason by Jeopardy Extortion within a Branch of Government;
- Count 5—Treason by Cruelly Exploiting Pain and Suffering; and
- Count 6—Treason by Fraudulent Taxation without Representation.

On page four of the Complaint, Wemple attached a carefully-annotated diagram representing the balancing of the scales between the "life side" and the "inhuman side."  Apparently, the material from page four is an excerpt from Wemple's forthcoming book.

II.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim may be dismissed as frivolous when the factual contentions are clearly baseless or when the claim is based on an indisputably meritless legal theory.  *Id.* at 327.

The Complaint does not set forth any specific facts that would put the Defendants on notice of the wrongs they have committed. Instead, the allegations made in the pro se Complaint are conclusory.

The Complaint raises six claims of treason against Defendants. Treason is a criminal action, which does not give rise to a private right of action. *See Hale v. Members of the House & Senate of the United States*, No. 5:12-CV-395-Oc-34PRL, 2012 WL 5430962, at *1 (M.D. Fla. Oct. 5, 2012); *Carvel v. Ross*, 09 Civ. 0722(LAK)(JCF), 2011 WL 856283, at *12; *Wedel v. Centera Bank*, No. 10-1069-CM, 2010 WL 2949973, at *5 (D. Kan. July 22, 2010).

Finally, it appears that the Wemple erroneously believes that the Illinois State Bar Association is a state actor.[1]

---

[1] The Court notes that the Illinois State Bar Association (ISBA) is a voluntary bar association, meaning that attorneys in Illinois are not required to join, and that it is not an official organ of the State of Illinois. Private bar associations are not state actors. *See Lawline v. American Bar Ass'n*, 956 F.2d 1378, 1385 (7th Cir. 1992) (concluding that "private bar associations are not state actors for the purpose of Section 1983").

The ISBA plays no official role in bar admission or discipline. Under the authority of the Supreme Court of Illinois, the Illinois Board of Admission to the Bar oversees the admission to practice law in Illinois, and the Attorney Registration and Disciplinary Commission handles registration and discipline of attorneys already admitted to practice. The ISBA plays no role in these activities. It renders advisory ethics opinions that "are not binding on the courts or disciplinary agencies . . ." *See* ISBA Advisory Opinion on Professional Conduct, No. 12-01, Threatening Criminal Prosecution, (Jan. 2012), available at http://www.isba.org/sites/default/files/ethicsopinions/12-01%20pdf.pdf (last visited Jan. 28, 2013).

Therefore, the Court concludes that the Complaint is based upon an indisputably meritless legal theory, lacks any factual basis, and is frivolous. *See Neitzke*, 490 U.S. at 327. The Complaint fails to state a claim. The Court will dismiss the Complaint, and the Court finds that granting leave to amend would be futile.

### III.

The Court notes that this is not Wemple's first rodeo. He has filed numerous actions in this Court that have been dismissed. *See Wemple v. Ill. St. Police*, No. 05-3034, 2005 WL 2001150 (C.D.Ill. Aug. 8, 2005) (Scott, J.) (dismissing claims for failure to state a claim and on Eleventh Amendment immunity grounds); *Wemple v. All Ill. Judicial Circuits*, No. 11-cv-3071, 778 F. Supp. 2d 930 (C.D. Ill. Apr. 21, 2011) (Mills, J.)(concluding that action was frivolous and dismissing complaint); *Wemple v. Ill. St. Bar Ass'n*, No. 11-cv-3125 (C.D. Ill May 12, 2011) (Myerscough, J.) (text order) (dismissing "inscrutable" complaint for failure to state a cause of action); *Wemple v. Christian County Sheriff's Office*, No. 12-cv-3127 (C.D. Ill. May 12, 2011) (Myerscough, J.) (text order) (dismissing complaint); *Wemple v. Ill. St. Bar Ass'n & Its*

4

*Members*, No. 11-cv-3376 (C.D. Ill. Oct. 17, 2011) (Mills, J.) (dismissing complaint as frivolous); *Wemple v. Ill. St. Bar Ass'n*, No. 12-cv-3254 (C.D. Ill. Sept. 28, 2012) (Myerscough, J.) (text order) (dismissing "inscrutable" complaint for failure to state a cause of action).

The Court incorporates by reference all of the findings set out in the cases listed above, and concludes that Wemple is an abusive filer.

"[S]elf-defense is Nature's eldest law."  John Dryden, *Absalom and Achitophel*, Pt. I, Line 458.  Just as an individual has a right to protect himself, the Court, too, has a right to protect itself (and scarce judicial resources) from abusive litigants who have repeatedly proven themselves to be a burden on the system by litigating a host of frivolous actions.

### IV.

*Ergo*, this action is DISMISSED WITH PREJUDICE.

The Clerk is further directed to prepare a written judgment.

The Clerk of Court is directed to add Aaron W. Wemple to the list of restricted filers.

Nothing in this Opinion and Order shall be construed to (1) affect Wemple's ability to defend himself in any criminal action, (2) deny

Wemple access to the federal courts through the filing of motion under 28 U.S.C. § 2254, or the filing of a petition for any extraordinary writ, or (3) to deny Wemple access to the Court of Appeals or the United States Supreme Court.

    CASE CLOSED.

    IT IS SO ORDERED.

    ENTER: January 28, 2013

    FOR THE COURT:                         */s/ Richard Mills*
                                                          Richard Mills
                                       United States District Judge